**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN MOORE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-3710** |
| | : | |
| **JUDGE KRISTIANSSON,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**SCHILLER, J.**                                                   **SEPTEMBER  19, 2022**

John Moore has filed this civil rights action along with a Motion to Proceed *In Forma*
*Pauperis*.  Named as Defendant is Judge Kristiansson of the Philadelphia Court of Common
Pleas.[1]  Moore asserts that Judge Kristiansson violated his Sixth Amendment right to a fair trial.
For the following reasons, the Motion to Proceed *In Forma Pauperis* will be granted and the
Complaint will be dismissed with prejudice.

**I.      FACTUAL ALLEGATIONS**

Moore's allegations are brief and not entirely clear.  He asserts that Judge Kristiansson
"disregarded a contract," and "blocked evidence that showed safety concerns."  (Compl. (ECF
No. 2) at 4.)[2]  He also asserts that someone, presumably Judge Kristiansson, committed perjury
and falsified a record in order to show some unspecified thing "didn't happen" and that this
violated Judge Kristiansson's judicial oath.  (*Id*.)  Moore contends that he sent a motion to

---

[1] Moore identifies Judge Kristiansson only by her address at 1501 Arch Street.  From the
context of the Complaint and a review of publicly available records, the named Defendant is
clearly Judge Viktoria Kristiansson of the Philadelphia Court of Common Pleas.  *See*
https://www.pacourts.us/courts/courts-of-common-pleas/common-pleas-judges/print-view (last
viewed Sept. 19, 2022)

[2] The Court adopts the pagination supplied by the CM/ECF docketing system to Moore's
entire submission.

reconsider a ruling but the Judge denied it.  (*Id*.)  He also asserts she failed to issue a final order

as required by law.  (*Id*.)  Moore seeks money damages and an "injunction of order" – apparently

a reference to an order entered by Judge Kristiansson in Moore's case.  (*Id*. at 5.)

## II.     STANDARD OF REVIEW

Moore is granted leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher

v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Section

1915 also requires the dismissal of claims for monetary relief brought against a defendant who is

immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B)(iii); *Rauso v. Giambrone*, 782 F.

App'x 99, 101 (3d Cir. 2019) (*per curiam*) (holding that § 1915(e)(2)(B)(iii) "explicitly states

that a court shall dismiss a case 'at any time' where the action seeks monetary relief against a

defendant who is immune from such relief").

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro

se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only

whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible []

claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*,

792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S.

at 678.  As Moore is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v.

*Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

Moore asserts federal question jurisdiction and seeks to assert constitutional claims against Judge Kristiansson.  The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Moore's § 1983 claims against Judge Kristiansson will be dismissed with prejudice. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others.  *Dennis v. Sparks,* 449 U.S. 24, 27 (1980).

Moore's claim for money damages is not plausible because Judge Kristiansson's alleged acts in presiding over Moore's case are functions normally performed by a judge and there is no assertion that she acted in complete absence of jurisdiction as a Judge of the Court of Common Pleas.  Moore's claim for injunctive relief is also not plausible.  Although judicial immunity previously applied only to damages claims, "[i]n 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko*, 443 F.3d at 303-04 (quoting § 1983); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-98 (3d Cir. 2000) (observing that the 1996 amendment "implicitly recognizes that declaratory relief is available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate").  In the context of judicial defendants, the United States Court of Appeals for the Third Circuit has explained that "a judge who acts as a neutral and impartial arbiter of a statute is not a proper defendant to a Section 1983 suit challenging the constitutionality of the statute."  *Allen v. DeBello*, 861 F.3d 433, 440 (3d Cir. 2017).  "However, a judge who acts as an enforcer or administrator of a statute can be sued under Section 1983 for declaratory or (if declaratory relief is unavailable) injunctive relief."  *Id.*  Nothing alleged about Judge Kristiansson's actions states plausibly that she was acting to enforce or administer a statute, rather than acting as an adjudicator of the action in which Moore was involved in the Court of Common Pleas, meaning Judge Kristiansson is entitled to immunity against claims for injunctive relief as well as claims for money damages.

## IV.    CONCLUSION

For the reasons stated, Moore's case is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Because any attempt to amend would be futile, the dismissal is with prejudice.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate order follows.

**BY THE COURT:**

**BERLE M. SCHILLER, J.**